CA No. 20-99009

IN THE UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

LEZMOND CHARLES MITCHELL,

Defendant-Appellant.

DC No. 3:01-cr-01062-DGC
(Civil No. 3:09-cv-08089-DGC

**DEATH PENALTY CASE**

**Execution Set For:**
**Date: August 26, 2020 at**
**Time: To Be Determined**

# APPELLANT'S REPLY IN SUPPORT OF PETITION FOR REHEARING

APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF ARIZONA

The Honorable David G. Campbell
United States District Judge

CUAUHTEMOC ORTEGA
Interim Federal Public Defender
JONATHAN C. AMINOFF
Jonathan_Aminoff@fd.org
CELESTE BACCHI
Celeste_Bacchi@fd.org
Deputy Federal Public Defenders
321 East 2nd Street
Los Angeles, California 90012-4202
Tel: (213) 894-5374; Fax: (213) 894-0310
Attorneys for Petitioner-Appellant
LEZMOND CHARLES MITCHELL

## TABLE OF CONTENTS

**Page**

I. ARGUMENT.....1

A. This case squarely presents the Circuit with its first opportunity to clarify the meaning of 18 U.S.C. § 3596's requirement that federal executions be implemented in accordance with state law.....1

B. The panel opinion conflicts with Circuit and Supreme Court precedent by taking new evidence on appeal.....4

C. The Government misstates the record.....6

II. CONCLUSION.....8

# I. ARGUMENT

## A. This case squarely presents the Circuit with its first opportunity to clarify the meaning of 18 U.S.C. § 3596's requirement that federal executions be implemented in accordance with state law.

The Government argues that this is not an appropriate case for en banc consideration because the panel assumed Mitchell's view of the law was correct and then denied him relief based on a factual analysis. That factual analysis, however, was tainted by the panel's erroneous view that by not providing an exhaustive list of all of the ways in which Order 710 and the BOP protocol differ, Mitchell had waived these arguments. But a more careful review of the proceedings in this case indicate the flaws in the panel's approach. The District Court's decided that there are no provisions in Arizona statutes or criminal rules that conflict with the BOP protocol with regards to the manner of effectuating death. Dkt. No. 618 15-16. This decision did not take into consideration Order 710, which the District Court ruled did not constitute law of the state of Arizona for purposes of 18 U.S.C. § 3596. Dkt. No. 618 at 12-15. Indeed, because the District Court did not think it was relevant, there was *no* analysis whatsoever by the District Court of the differences between the BOP protocol and Order 710. Mitchell then filed a notice of appeal with respect to the District Court's order and a motion for stay of execution pending this Court's review of the District Court's decision.

On appeal, despite the lower court's failure to consider substantive differences between Order 710 and BOP protocol, the panel decided that Mitchell had waived much of the issue by failing to fully brief before this Court every instance in which Order 710 and BOP protocol differ. Setting aside that Mitchell has not been afforded full appellate briefing in this court (because that issue was beyond the scope of the District Court's judgment), the panel's ruling was erroneous.

The Government now takes the position that the panel has mooted the issue of what constitutes state law under § 3596 by assuming, without deciding, that Order 710 constitutes Arizona law. D.E. 12. If that is the case, then Mitchell has won his appeal, and the case must be remanded to the District Court and the District Court must conduct further proceedings now understanding that Order 710 constitutes Arizona state law.

Alternatively, as Mitchell argued in his Petition, the question of the meaning of "implement the sentence in the manner prescribed by state law" is an open question in this Circuit. D.E. 21 at 7-9. The Government argues that because the Court assumed an answer to the question, without affirmatively deciding it, there is no need to grant en banc review. Of course, when a Court assumes, without deciding, the question remains open. *Dist. Attorney's Office for Third Judicial Dist. v. Osborne*, 557 U.S. 52, 72 (2009). Resolving this question now will help

future courts craft sentencing orders that comply with § 3596 and also save future condemned inmates from having to litigate this issue in the days leading up to their executions.

The Government contends the *Protocol Cases* litigation is instructive with respect to the process this Court should afford Mitchell. The Government's argument appears to be that because a petition for review was denied in that case, it should likewise be denied here. D.E. at 14-15. The Government's view, of course, ignores the extensive process those inmates received prior to the D.C. circuit Court's 2020 decision. *In re Fed. Bureau of Prisons' Execution Protocol Cases*, 955 F.3d 106 (D.C. Cir. 2020). There, the inmates received an injunction such that they could adequately litigate the issue. Over a period of approximately 5 weeks, the parties briefed the issues in full and the court conducted oral argument. D.C. Circuit Case No. 19-5322, 12/2/2019 (order denying application to lift the injunction); 12/23/2019 (appellant's brief filed); 1/6/2020 (appellee's brief filed); 1/13/2020 (appellant's reply brief filed); 1/15/2020 (oral argument held); 4/7/2020 (judgment issued). That is contrasted with this case where the parties have not been given an opportunity to fully brief the underlying merits of the issue. If the *Protocol Cases* litigation is actually instructive, then Mitchell's execution should be stayed while the Court thoroughly considers the merits of this issue.

In addition to the legal question presented concerning what constitutes Arizona law for purposes of Section 3596, this case obviously also presents a factual component: if Order 710 applies, as the panel assumed, in what ways does it differ from the BOP protocol. Mitchell's petition argues, and the Government does not address, this could be appropriately resolved via panel rehearing, not necessarily rehearing en banc, or by remanding the case to the District Court to make the necessary factual determinations that it did not make the first time. D.E. at 1, 14. However, it is a valid use of this Court's en banc authority to consider a narrow legal issue and then, where the resolution of that issue broadens the factual record, remand the case back to the three-judge panel to analyze the factual record or remand it to the District Court for further proceedings. *McDaniels v. Kirkland*, 813 F.3d 770, 782 (9th Cir. 2015) (en banc).

### B. The panel opinion conflicts with Circuit and Supreme Court precedent by taking new evidence on appeal.

The Government claims that the Declaration introduced no new evidence because the Government previously made "consistent representations" that the Arizona and BOP protocols did not conflict on certain material points. But the representations made in district court and in this Court simply stated that the federal protocol does not prohibit what Arizona requires. That is not at all the same as making factual statements in a declaration that were never in the BOP protocol before—statements which Mitchell had no opportunity to confront or

question. This approach is contrary to the law of this Circuit. *See Towery v. Brewer*, 672 F.3d 650, 653 (9th Cir. 2012). In *Towery*, this Court berated the State of Arizona for making "frequent changes to its protocol during litigation," calling the practice "unsustainable." *Id.* The Court lamented the position it found itself, in which it was "deciding not the merits of Arizona's written protocol, but the validity of litigation-related, often case-specific, amendments to the protocol designed to ensure constitutionality." *Id.* It is unclear how the practice the *Towery* Court warned against is so different from the one created by the panel and the Government in this case.

The Government relies on a single case from this Circuit in support of its argument that "even if the Declaration *had* introduced new evidence," there is no Circuit or jurisprudential conflict to resolve because "[t]his Court has recognized its authority to consider declarations submitted on appeal." D.E. 23 at 16. But *United States v. Paris*, 827 F.2d 395 (9th Cir. 1987) is clearly distinguishable. In that unique case, the prosecution submitted its own post-opinion declarations in response to a post-opinion affidavit filed by the defense. 827 F.2d at 401 n.3. Thus, in *Paris*, *both* parties submitted—and the Court relied upon—declarations addressing factual questions that were outside the record. In contrast, in this case the panel permitted the Government to add specific evidence to the record that did not exist before, and then claimed that Mitchell did not have the same ability—

even though the panel stated that the parties should address the underlying merits in remaining briefs and at oral argument.[1] It is clear that the practice of this Circuit is *not* to engage in factfinding or accept new facts on appeal. *Nat'l Wildlife Fed'n v. Burlington N. R.R., Inc.*, 23 F.3d 1508, 1511 n.5 (9th Cir. 1994); *United States v. Elias*, 921 F.2d 870 (1990); *Kirshner v. Uniden Corp. of America*, 842 F.2d 1074, 1077-78 (9th Cir. 1988). Supreme Court precedence is in accord. *Kappos v. Hyatt*, 566 U.S. 431, 439 (2012).

**C. The Government misstates the record**

Although the Government asserts that the District Court for the District of Columbia sought to ensure that Mitchell was fully aware of the legal consequences attendant to his withdrawal from the lawsuit, the Court did not actually make any finding that Mitchell was aware of these consequences. Rather, the Court ordered Counsel to meet with Mitchell and then file a status report confirming Mitchell's understanding of the consequences of withdrawal. Mitchell wrote to the Court and indicated that he would prefer to meet with the Court himself and informed the

[1] Finally, Mitchell argued that panel rehearing is warranted because the opinion improperly overlooked key facts and argument raised in his briefing and at oral argument. D.E. 23 at 18 n.3. The Government asserts that this challenge is "meritless," citing *Brownfield v. City of Yakima*, 612 F.3d 1140, 1149 n. 4 (9th Cir. 2010). Again, this case is distinguishable because the panel here specifically permitted the parties to provide additional merits facts and argument in subsequent briefing and in oral argument.

Court that a video hearing was available at USP Terre Haute. No hearing or fact finding was ever conducted, and the Court simply dismissed Mitchell from the lawsuit. *Robinson v. Mukasey*, D.D.C. Case No. 07-cv-2145, Dkt. No. 14, 17, 18, 19, 20.

Next the Government maintains that it consistently argued below that there was no conflict between the procedures that would be used in Mitchell's execution and the Arizona protocol. D.E. 23 at 15. This is not entirely true. What the Government actually argued below was that the Order 710 did not constitute Arizona law, and that Arizona law only mandated execution via lethal injection, and therefore there was no conflict in the law. The Government continued that if the Government was required to implement Order 710, then "Mitchell's FDPA claim would support an order requiring the government to implement his sentence after altering minor details of the execution protocol to confirm with what Mitchell contends are aspects of Arizona law." Dkt. No. 611 at 3:6-8. Although Mitchell disagrees that these differences are accurately categorized as "minor details" they certainly establish that it is not the case that the Government consistently argued below that Order 710 and the BOP protocol are indistinguishable.

The Government states that the District Court did not find that Order 710 constituted law of the state, but "in any event did not conflict with the federal protocol as to 'those procedures that effectuate the death." D.E. at 7. Despite

making this summary statement, the District Court did not conduct any kind of measured factual analysis of Order 710 versus the BOP protocol. Indeed, this Court clearly disagreed with the District Court's holding, and therefore required the BOP declaration.

## II. CONCLUSION

Mitchell respectfully requests that this Court grant his petition for en banc review, vacate the panel's opinion, and stay his execution. In the alternative, the panel should grant rehearing, stay his execution, and either restore the case to the calendar for full briefing, or issue an order remanding the matter to the district court to make essential factual determinations Fed. R. App. 40(a)(4)(B), (C).

Respectfully submitted,

CUAUHTEMOC ORTEGA
Interim Federal Public Defender

DATED: August 21, 2020

By */s/ Jonathan C. Aminoff*
JONATHAN C. AMINOFF
Deputy Federal Public Defender

Attorney for Defendant-Appellant
Lezmond Charles Mitchell

**CERTIFICATE OF COMPLIANCE**

Pursuant to Fed. R. App. 32(a)(7)(C) and Circuit Rule 32-1, I certify that this reply in support of petition for rehearing/rehearing en banc is proportionally spaced, has a typeface of 14 points or more, and contains approximately 1,841 words.

DATED: August 21, 2020

*/s/ Jonathan C. Aminoff*
Jonathan C. Aminoff